JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Donna Meyers and Charles Meyers

**DEFENDANTS**

Dean Transportation, Inc. and Tuscan/Lehigh Dairies, inc.

**(b)** County of Residence of First Listed Plaintiff   Bucks County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Dallas County, TX
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mark C. Clemm, Esq., Clemm and Associates, LLC
527 Plymouth Rd., Ste 414, Plymouth Meeting, PA 19462, (484) 539-1300

Attorneys *(If Known)*
Richard B. Wickersham, Jr., Esq., Post & Schell, P.C., Four Penn Center, 1600 John F. Kennedy Blvd., 13th Fl., Philadelphia, PA 19103, (215) 587-6612

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332 (2006).

Brief description of cause:
ALLEGED NEGLIGENTLY PACKAGED AND TRANSPORTED LOAD CAUSED PLAINTIFF'S INJURIES

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
1,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE                DOCKET NUMBER

DATE 9/14/16

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

JS 44 Reverse (Rev. 08/16)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)  County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)  Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. **(See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.  Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint. Class Action.** Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

DONNA MEYERS and CHARLES MEYERS,
Plaintiffs         :      CIVIL ACTION
              :
     v.        :
DEAN TRANSPORTATION, INC., and  :
TUSCAN/LEHIGH DAIRIES, INC.,   :
Defendants               NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
  and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
  exposure to asbestos.                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
  commonly referred to as complex and that need special or intense management by
  the court. (See reverse side of this form for a detailed explanation of special
  management cases.)               ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| Date | Attorney-at-law | Attorney for |
|---|---|---|
| 9/14/16 | _(signature)_ | DTI |
| 2155876612 | 2153204675 | RWICKER@HATM@ FOSTERHELL.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiffs:    **Donna Meyers, 355 Hawthorne Street, Warminster, PA 18974**
                           **Charles Meyers, 355 Hawthorne Street, Warminster, PA 18974**

Addresses of Defendants:  **Dean Transportation, Inc., 2711 North Haskell Ave., Ste. 3400, Dallas, Texas 75204**
                          **Tuscan/Lehigh Dairies, Inc., 2711 North Haskell Ave., Ste. 3400, Dallas, Texas 75204**

Place of Accident, incident or Transaction:    **Warminster, Pennsylvania (Bucks County)**

                                 (Use Reverse Side for Additional Space)

Does this case involve multidistrict litigation possibilities:        Yes        (No)

RELATED CASE IF ANY

Case Number:        Judge:                    Date Terminated:

Civil cases are deemed related when yes is answered to any of the following questions:

1.     Is this case related to property included in an earlier number suit pending or within one year previously terminated action in this court?    Yes    (No)

2.     Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes    (No)

3.     Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes    (No)

---

CIVIL: (Place an X in ONE CATEGORY ONLY)

A.    **Federal Question Cases:**
    1.__ Indemnity Contract, Marine Contract, and All Other Contracts
    2. __ FELA
    3. __ Jones Act - Personal Injury
    4. __ Antitrust
    5. __ Patent
    6. __ Labor-Management Relations
    7. __ Civil Rights
    8. __ Habeas Corpus
    9. __ Securities Act(s) Cases
  10. __ Social Security Review Cases
  11. __ All other Federal Question Cases-Red Cross

B.    **Diversity Jurisdiction Cases:**
    1. __ Insurance Contract and Other Contracts
    2 __ Airplane Personal Injury
    3. __ Assault, Defamation
    4. __ Marine Personal Injury
    5. __ Motor Vehicle Personal Injury
    6. **X Other Personal Injury (negligent packing/shipping)**
    7. __ Products Liability
    8. __ Products Liability--Asbestos
    9. __ All other Diversity Cases
        (Please specify)

**CERTIFICATION**
(Check appropriate category)

I,  RICHARD B. WICKERSHAM, JR., ESQUIRE , counsel of record do hereby certify:

Pursuant to Local Civil Rule 53.2, Section 3(C)(2), that, to the best of my knowledge and belief, the damages recoverable in this civil action case do not exceed the sum of  $150,000.00 exclusive of interest and cost;

DATE:   9/14/2016              RICHARD B. WICKERSHAM, JR., ESQUIRE        494466
                              Attorney-at-Law


I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:   9/14/2016              RICHARD B. WICKERSHAM, JR., ESQUIRE        494466
                              Attorney-at-Law

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DONNA MEYERS
and CHARLES MEYERS,

                Plaintiffs,

        v.

DEAN TRANSPORTATION, INC. and
TUSCAN/LEHIGH DAIRIES, INC.,

                Defendants.

CIVIL ACTION

JURY TRIAL DEMANDED

### PETITION FOR REMOVAL
### PURSUANT TO 28 U.S.C. §1332 AND 28 U.S.C. §1441

Defendant, Dean Transportation, Inc. ("DTI"), by and through its attorneys, Post & Schell, P.C., hereby petitions to remove this civil action, pending in the Court of Common Pleas, Philadelphia County, No. 1602-04594, pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441 *et seq.*, and in support thereof, avers as follows:

### I.    NATURE OF ACTION

1.      This is a personal injury matter arising out of an alleged accident that occurred while Plaintiff, Donna Meyers, was moving a shipment of dairy products that was delivered to her employer on or about August 19, 2015 at a Wal-Mart located in Warminster, Bucks County, Pennsylvania. See a true and correct copy of the Plaintiff's Amended Complaint attached hereto as Exhibit "A."

2.      Plaintiff, Donna Meyers, asserts a cause of action sounding in negligence against Defendants, DTI and Tuscan/Lehigh Dairies, Inc. See Exhibit "A."

3.      Plaintiff, Charles Meyers, asserts a loss of consortium claim against Defendants DTI and Tuscan/Lehigh Dairies, Inc. See Exhibit "A."

4.     Plaintiff, Donna Meyers, is an adult individual residing at 335 Hawthorne Street, Warminster, Pennsylvania. See Exhibit "A" at ¶ 1.

5.     Plaintiff, Charles Meyers, is an adult individual residing at 335 Hawthorne Street, Warminster, Pennsylvania. See Exhibit "A" at ¶ 2.

6.     Defendant, DTI, is a domestic company incorporated in the State of Ohio, which has its principal place of business in the State of Texas. See Exhibit "A" at ¶ 3.

7.     Defendant Tuscan/Lehigh Dairies, Inc., is a domestic company incorporated in the State of Delaware, which has its principal place of business in the State of Texas. See Exhibit "A" at ¶ 4.

## II.     PROCEDURAL HISTORY

8.     On March 2, 2016 Plaintiffs filed a Complaint in the Philadelphia County Court of Common Pleas and served it via certified mail on March 14, 2016. See a true and correct copy of Plaintiff's initial Complaint, attached hereto as Exhibit "B."

9.     On April 4, 2016, Plaintiffs filed a signed Stipulation to Amend the Complaint, dismissing originally named parties Dean Food Company and Dean Foods Holding Company from the Complaint, and allowing Plaintiffs to file an Amended Complaint naming DTI, Tuscan/Lehigh Dairies, Inc., and Richard Dennin as Defendants. See a true and correct copy of the Stipulation to Amend, attached hereto as Exhibit "C."

10.    On April 5, 2016, Plaintiffs filed their Amended Complaint. See Exhibit "A."

11.    Richard Dennin is an adult individual then residing at 6551 Cottage Street, Philadelphia, Pennsylvania. See Exhibit "A" at ¶ 5.

12.     On September 8, 2016, a Stipulation of Discontinuance of Richard Dennin between Plaintiffs and all Defendants was filed, discontinuing all claims against Richard Dennin. See a true and correct copy of the Stipulation of Discontinuance, attached hereto as Exhibit "D."

13.     Pursuant to 28 U.S.C. § 1446(b)(3), Defendant shall have thirty (30) days after service of "an amended pleading, motion, order, or other paper from which it may be ascertained that the case is one which is or has become removable."

14.     Further, 28 U.S.C. § 1446(c)(1), a case being removed under subsection (b)(3) on the basis of jurisdiction must be done less than one year after commencement of the action.

15.     This notice of removal, and related papers, has been filed within thirty (30) days of the date of the filing of the Stipulation of Discontinuance of Richard Dennin and therefore, is timely under 28 U.S.C. § 1446(b).

16.     Additionally, this notice of removal has been filed less than a year from the date of commencement, and therefore, is timely under 28 U.S.C. § 1446(b).

## III.    LEGAL ARGUMENT

### A.    THE PARTIES ARE DIVERSE

17.     Pursuant to 28 U.S.C. § 1332, a matter may be removed to Federal Court based upon the diversity of citizenship of the parties.

18.     On the face of the Amended Complaint, as stated above, Defendants DTI (Texas) and Tuscan/Lehigh Dairies, Inc. (Texas) have diverse citizenship from that of the Plaintiffs (Pennsylvania).

19.     As a result, there is complete diversity of citizenship between the Plaintiffs and the Defendants.

**B.**   <u>THE AMOUNT IN CONTROVERSY EXCEEDS $75,000</u>

20.    Under 28 U.S.C. §1332(a), federal jurisdiction based on diversity of citizenship requires that the amount in controversy exceed $75,000.

21.    "The amount in controversy is not measured by the low end of an open ended claim, but rather by a reasonable reading of the value of the rights being litigated." <u>Angus v. Shiley, Inc.</u>, 989 F.2d 142, 146 (3d Cir. 1993) (<i>citing</i> <u>Hunt v. Washington State Apple Advertising Comm'n.</u>, 432 U.S. 333, 347 (1977)).

22.    The Court must find that the amount in controversy requirement has been satisfied when a reasonable jury could value the plaintiff's losses at an amount above the jurisdictional minimum. <u>Id.</u>; <u>see also</u> <u>Corwin Jeep Sales & Service v. American Motors Sales Corp.</u>, 670 F. Supp. 591, 596 (M.D. Pa. 1986) (finding amount in controversy requirement met when the court could not "find to a legal certainty that the parties' respective rights under the franchise agreement are worth less than the jurisdictional minimum").

23.    In this case, Plaintiff, Donna Meyers, alleges to have suffered a fractured right leg including a tibia plateau fracture, a fibula fracture, and various other contusions and soft tissue injuries. Plaintiff's injuries required surgery in April 2015, resulting in screws and plates getting inserted into her right leg. <u>See</u> Exhibit "A" at ¶¶ 21-22.

24.    Plaintiff, Donna Meyers, also alleges to have undergone a knee replacement as a result of the accident. <u>See</u> Exhibit "A" at ¶ 26.

25.    Plaintiff, Donna Meyers, alleges that her injuries are permanent and has claimed loss of earnings and impairment of her earning capacity and power. <u>See</u> Exhibit "A" at ¶¶ 34, 38.

26.     Plaintiffs have demanded $1,000,000.00 in this civil action. <u>See</u> a true and correct copy of Plaintiffs' Case Management Memorandum, attached hereto as Exhibit "E."

27.     Considering all of these items of claimed recoverable damages, a reasonable jury could value Plaintiffs' losses at an amount in excess of the $75,000 minimum.

## IV.  CONCLUSION

28.     Tuscan/Lehigh Dairies, Inc. consents to this removal.  <u>See</u> a true and correct copy of Removal Consent, attached hereto as Exhibit "F"

29.     Therefore, removal is proper under 28 U.S.C. §§ 1332 and 1441.

**WHEREFORE**, Defendant, Dean Transportation, Inc., respectfully requests that this Honorable Court find this case to have been properly removed and assume full jurisdiction of this matter.

Dated: September 14, 2016          POST & SCHELL, P.C.

                                   By: _____
                                   RICHARD B. WICKERSHAM, JR. (RW-9884)
                                   ATTY ID No.:  49466
                                   Four Penn Center, 13th Floor
                                   1600 John F. Kennedy Boulevard
                                   Philadelphia, PA  19103-2808
                                   (215) 587-6612
                                   rwickersham@postschell.com

                                   Attorneys for Defendant,
                                   Dean Transportation, Inc.

# Petition for Removal Exhibit "A" Plaintiff's Amended Complaint

### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### COURT OF COMMON PLEAS OF PHILADELPHIA

Filed and Attested by the
Office of Judicial Records
05 APR 2016 09:27 am
R.J. OSTROWSKI

DONNA MEYERS; and
CHARLES MEYERS

v.

DEAN TRANSPORTATION, INC.;

TUSCAN/LEHIGH DAIRIES, INC.; and

RICHARD DENNIN

FEBRUARY 2016 TERM
No.     004594

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | *Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* |
| **Philadelphia Bar Association<br>Lawyer Referral<br>and Information Service<br>One Reading Center<br>Philadelphia, Pennsylvania 19107<br>(215) 238-6333<br>TTY (215) 451-6197** | **Asociacion De Licenciados<br>De Filadelfia<br>Servicio De Referencia E<br>Informacion Legal<br>One Reading Center<br>Filadelfia, Pennsylvania 19107<br>(215) 238-6333<br>TTY (215) 451-6197** |

10-284



CLEMM AND ASSOCIATES, LLC
Mark C. Clemm, I.D. #36665
Katie M. Clemm, I.D. #320733
527 Plymouth Road, Suite 414
Plymouth Meeting, PA 19462

Attorneys for Plaintiffs

_____

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

DONNA MEYERS                                 :
355 Hawthorne Street                         :
Warminster, PA  18974; and                   :
                                             :
CHARLES MEYERS                               :
355 Hawthorne Street                         :
Warminster, PA  18974                        :        FEBRUARY 2016 TERM
                                             :
              Plaintiffs                     :        No:    004594
                                             :
        v.                                   :
                                             :
DEAN TRANSPORTATION, INC. individually       :
and/or d/b/a LEHIGH VALLEY DAIRY             :
2711 N Haskell Avenue Suite 3400             :
Dallas, TX  75204;                           :
                                             :        JURY TRIAL DEMANDED
TUSCAN/LEHIGH DAIRIES, INC. individually     :
and/or d/b/a LEHIGH VALLEY DAIRY             :
2711 N Haskell Avenue Suite 3400             :
Dallas, TX  75204; and                       :
                                             :
RICHARD DENNIN                               :
6551 Cottage Street                          :
Philadelphia, PA  19135                      :
                                             :
              Defendants                     :

_____

**COMPLAINT**

Case ID: 160204594

1.      Plaintiff, Donna Meyers ("Mrs. Meyers"), is an adult individual residing at 335 Hawthorne Street, Warminster, PA 18974.

2.      Plaintiff, Charles Meyers ("Mr. Meyers"), is an adult individual residing at 335 Hawthorne Street, Warminster, PA 18974.  Mr. Meyers and Mrs. Meyers are husband and wife.

3.      Defendant Dean Transportation, Inc. ("DTI") is an Ohio corporation with corporate headquarters at 2711 N Haskell Avenue, Suite 3400, Dallas, TX 75204, and, on information and belief, does business under the fictitious name, Lehigh Valley Dairy.

4.      Defendant Tuscan/Lehigh Dairies, Inc. ("TLDI"), is a Delaware corporation with a principal place of business at 2711 N Haskell Avenue, Suite 3400, Dallas, TX 75204, and, on information and belief, does business under the fictitious name, Lehigh Valley Dairy.  DTI and TLDI will hereinafter be collectively referred to as "Lehigh Valley."

5.      Defendant Richard Dennin ("Dennin") is an adult individual residing at 6551 Cottage Street, Philadelphia, PA 19135 and at all times pertinent hereto was the authorized employee, servant, and/or agent of Lehigh Valley acting within the course and scope of his employment and/or agency.

6.      Mrs. Meyers is an employee of Wal-Mart and has the title of "support manager" at the Walmart store located in Warminster, PA (the "Store").

7.      Part of Mrs. Meyers' duties as support manager is to unload and stock shipments that are delivered to the Store.

8.      Lehigh Valley delivers dairy products to the Store.

9.      On or about August 19, 2015 at approximately 3:00 A.M., Mrs. Meyers was working during the night shift at the Store.

10.     At that time, Mrs. Meyers was alone on the loading dock of the Store, as all of her co-workers had taken their "lunch" break, which occurs at approximately 2:00 A.M. or 3:00 A.M. during the night shift.

11.     A truck from Lehigh Valley, on information and belief driven by Dennin, entered the loading dock area to deliver dairy products to the Store.

12.     Mrs. Meyers helped Dennin unload pallets containing gallons of milk from the delivery truck to the loading dock area of the Store.

13.     Lehigh Valley and/or Dennin had stacked the milk gallon crates (on information and belief, each crate containing four gallons of milk) on pallets six crates high without being properly secured with bands, cardboard, and/or shrink-wrap.

14.     Upon information and belief, each pallet contained approximately 380 plastic container gallons of milk.

15.     The Occupational Safety & Health Administration ("OSHA") requires material "stored in tiers shall be stacked, blocked, interlocked and limited in height so that they are stable and secure against sliding or collapse." 29 CFR 1910.176(b).

16.     Upon information and belief, Lehigh Valley had been directed to limit the stacks of milk crates to a maximum of four crates high and to secure the crates with cardboard, bands and/or shrink-wrap.

17.     Mrs. Meyers and Dennin placed the pallets containing the milk crates on jacks and transported the pallets from the loading dock to the refrigerated section of the Store.

18.     While Mrs. Meyers was moving one of the aforesaid pallets, the pallet slid and/or collapsed causing multiple crates and gallons of milk to fall directly onto Mrs. Meyers causing her significant and severe personal injuries.

19.     While trapped under the crates of milk, Mrs. Meyers called out to her assistant manager for help, who responded to the scene and telephoned the police department.

20.     The Warminster Police Department arrived on the scene, and Mrs. Meyers was transported by ambulance to Abington Hospital where she underwent X-rays of her right leg and a CAT scan.

21.     As a result of the accident, Mrs. Meyers suffered a fractured right leg, tibia-plateau fracture, a fibula fracture and various other contusions and soft tissue injuries as well as damages to her nerves and nervous system, causing her severe pain and suffering.

22.     As a result of the accident, on or about August 25, 2015, Mrs. Meyers underwent surgery on her right leg at Holy Redeemer Hospital, where screws and plates were inserted into her right leg.

23.     Following the surgery, Mrs. Meyers slept on the back porch of her home for four weeks because she could not climb the stairs in her home.

24.     Plaintiffs installed a chair lift in their home which Mrs. Meyers continues to use.

3

25.    On or about October 21, 2015, Mrs. Meyers began physical therapy in an attempt to rehabilitate and strengthen her leg.

26.    As a result of the accident, Mrs. Meyers is scheduled to undergo a complete right knee replacement on April 5, 2016.

27.    Mrs. Meyers has not been able to return to work nor stand for longer than fifteen minutes since August 19, 2015.

**COUNT I – NEGLIGENCE**
**Donna Meyers v. DTI and TLDI**

28.    All of the foregoing paragraphs are incorporated herein by reference as if fully set forth at length.

29.    On August 19, 2015 and at all times pertinent hereto, Lehigh Valley was in control of and/or had dominion over the dairy product shipment which was delivered to the Store and which was involved in the accident.

30.    At all times pertinent hereto, Dennin was the agent, servant and/or employee of Lehigh Valley, acting within the scope of his employment and /or agency.

31.    Lehigh Valley had a duty to exercise reasonable care regarding packing, storing, transporting, shipping, and/or delivering the dairy products to the Store – a duty which extended to employees of the Store, like Mrs. Meyers.

32.    At all times pertinent hereto, Lehigh Valley breached its duty of care through the conduct of Dennin.

33.    Lehigh Valley was negligent in:

(a)    failing to properly pack, stack, secure, transport and deliver the dairy product shipment that was delivered to the Store;

(b)    failing to properly and adequately hire and/or instruct their agents, servants, workmen, employees, and/or representatives, including Dennin, as to safe and proper procedures for packing, stacking, securing storing, transporting, shipping, and/or delivering dairy products to the Store;

(c)    failing to warn end-users and recipients of the dangers involved in handling and transporting the dairy product shipment that was delivered to the Store; and

4

(d)    failing to act with due care and regard for the safety of others, in particular Mrs. Meyers.

34.    As a direct, foreseeable, and proximate result of the breaches of care and negligence of Lehigh Valley as aforesaid, Mrs. Meyers suffered the injuries referenced above, all of which injuries are or may be permanent.

35.    As a result of the accident, Mrs. Meyers has incurred medical expenses for her care and treatment in an effort to alleviate and cure her injuries, and will continue to incur additional expenses in the future.

36.    As a further result of the accident, Mrs. Meyers has suffered and may continue to suffer physical and mental anguish, pain, suffering and inconvenience.

37.    As a further result of the accident, Mrs. Meyers has been unable to attend to her daily chores, duties, and occupations, and may be unable to do so for an indefinite time in the future.

38.    As a further result of the accident, Mrs. Meyers has or may suffer loss of earnings and impairment of her earning capacity and power, and may continue to suffer such a loss in the future.

39.    As a further result of the accident, Mrs. Meyers has been deprived of the ordinary pleasures of life.

**WHEREFORE**, Donna Meyers demands damages in an amount in excess of $50,000 against Defendants TDI and TLDI, jointly and severally, plus interest, delay damages, costs of suit, and other relief the Court may deem appropriate.

## COUNT II – NEGLIGENCE
### Donna Meyers v. Dennin

40.    All of the foregoing paragraphs are incorporated herein by reference as if fully set forth at length.

41.    On August 19, 2015 and at all times pertinent hereto, Dennin was in control of and/or had dominion over the dairy product shipment which was delivered to the Store and which was involved in the accident.

Case ID: 160204594

42.    On August 19, 2015 and at all times pertinent hereto, Dennin was acting within the course and scope of his employment and/or agency as an employee, servant, and/or agent of Lehigh Valley.

43.    Dennin owed a duty to exercise reasonable care regarding packing, storing, transporting, shipping, and/or delivering the dairy products to the Store – a duty which extended to employees of the Store, like Mrs. Meyers.

44.    Dennin was negligent in:

     (a)    failing to properly pack, stack, secure, transport and deliver the dairy product shipment that was delivered to the Store;

     (b)    failing to warn end-users and recipients of the dangers involved in handling and transporting the dairy product shipment that was delivered to the Store; and

     (c)    failing to act with due care and regard for the safety of others, in particular Mrs. Meyers.

45.    As a direct, foreseeable, and proximate result of the breaches of care and negligence of Dennin as aforesaid, Mrs. Meyers suffered the injuries referenced above, all of which injuries are or may be permanent.

46.    As a result of the accident, Mrs. Meyers has incurred medical expenses for her care and treatment in an effort to alleviate and cure her injuries, and will continue to incur additional expenses in the future.

47.    As a further result of the accident, Mrs. Meyers has suffered and may continue to suffer physical and mental anguish, pain, suffering and inconvenience.

48.    As a further result of the accident, Mrs. Meyers has been unable to attend to her daily chores, duties, and occupations, and may be unable to do so for an indefinite time in the future.

49.    As a further result of the accident, Mrs. Meyers has or may suffer loss of earnings and impairment of her earning capacity and power, and may continue to suffer such a loss in the future.

50.    As a further result of the accident, Mrs. Meyers has been deprived of the ordinary pleasures of life.

Case ID: 160204594

**WHEREFORE**, Donna Meyers demands damages in an amount in excess of $50,000 against defendant Richard Dennin, plus interest, delay damages, costs of suit, and other relief the Court may deem appropriate.

### COUNT III – LOSS OF CONSORTIUM
**Charles Meyers v. Defendants**

51.    All the averments set forth above are incorporated herein by reference as if fully set forth at length.

52.    As a result of the negligence of the Defendants as aforesaid, Mr. Meyers has been deprived of his wife's services, society and companionship.


**WHEREFORE**, Charles Meyers demands damages from Defendants in an amount in excess of $50,000, plus interest, delay damages, costs of suit, and other relief the Court may deem appropriate.

CLEMM AND ASSOCIATES, LLC


Dated: March 30, 2016                    By:    /s/ Mark C. Clemm
                                                Mark C. Clemm, Esquire
                                                Katie M. Clemm, Esquire
                                                Attorneys for Plaintiffs

7

Case ID: 160204594

## VERIFICATION

Filed and Attested by the
Office of Judicial Records
05 APR 2016 09:27 am
J. OSTROWSKI

We, **Donna Meyers** and **Charles Meyers**, hereby certify that we are the Plaintiffs in the foregoing civil action and that the statements made in the foregoing pleading are true and correct to the best of our knowledge, information, and belief.  We understand that statements made herein are subject to the penalties of Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

Date: 3/30/16

Donna Meyers

Date: 3/30/16

Charles Meyers

# Petition for Removal
# Exhibit "B"
# Plaintiff's Complaint



Filed and Attested by the
Office of Judicial Records
02 MAR 2016 11:13 am
M. BRYANT

CLEMM AND ASSOCIATES, LLC
Mark C. Clemm, I.D. #36665
Katie M. Clemm, I.D. #320733
527 Plymouth Road, Suite 414
Plymouth Meeting, PA   19462

Attorneys for Plaintiffs

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

DONNA MEYERS
355 Hawthorne Street
Warminster, PA   18974; and

CHARLES MEYERS
355 Hawthorne Street
Warminster, PA   18974

        Plaintiffs

      v.

DEAN FOODS COMPANY individually and/or
d/b/a LEHIGH VALLEY DAIRY
2711 N Haskell Avenue Suite 3400
Dallas, TX   75204;

DEAN FOODS HOLDING COMPANY individually
and/or d/b/a LEHIGH VALLEY DAIRY
2711 N Haskell Avenue Suite 3400
Dallas, TX   75204; and

ATLANTIC PROCESSING, INC., individually
and/or d/b/a LEHIGH VALLEY DAIRY
740 Hamilton Mall
Allentown, PA   18101

        Defendants

No:

JURY TRIAL DEMANDED

Case ID: 160204594

## COMPLAINT

1.      Plaintiff, Donna Meyers ("Mrs. Meyers"), is an adult individual residing at 335 Hawthorne Street, Warminster, PA 18974.

2.      Plaintiff, Charles Meyers ("Mr. Meyers"), is an adult individual residing at 335 Hawthorne Street, Warminster, PA 18974.  Mr. Meyers and Mrs. Meyers are husband and wife.

3.      Defendant Dean Foods Company is a Delaware corporation with corporate headquarters at 2711 N Haskell Avenue, Suite 3400, Dallas, TX 75204, and, on information and belief, does business under a Pennsylvania fictitious name, Lehigh Valley Dairy.

4.      Defendant Dean Foods Holding Company, is believed to be a Pennsylvania business entity with a registered mailing address of 2711 N Haskell Avenue, Suite 3400, Dallas, TX 75204, and, on information and belief, does business under a Pennsylvania fictitious name, Lehigh Valley Dairy.

5.      Defendant Atlantic Processing, Inc. is a Pennsylvania corporation with a registered mailing address of 740 Hamilton Mall, Allentown, PA 18101, and, on information and belief, doing business as a Pennsylvania fictitious name, Lehigh Valley Dairy. All Defendants will hereinafter be collectively referred to as "Lehigh Valley."

6.      Mrs. Meyers is an employee of Wal-Mart and has the title of "support manager" at the Walmart store located in Warminster, PA (the "Store").

7.      Part of Mrs. Meyers' duties as support manager is to unload and stock shipments that are delivered to the Store.

8.      Lehigh Valley delivers dairy products to the Store.

9.      On or about August 19, 2015 at approximately 3:00 A.M., Mrs. Meyers was working during the night shift at the Store.

10.      At that time, Mrs. Meyers was alone on the loading dock of the Store, as all of her co-workers had taken their "lunch" break, which occurs at approximately 2:00 A.M. or 3:00 A.M. during the night shift.

11.      A truck from Lehigh Valley entered the loading dock area to deliver dairy products to the Store.

12.      Mrs. Meyers helped the Lehigh Valley delivery truck driver unload pallets containing gallons of milk from the delivery truck to the loading dock area of the Store.

2

13.    Lehigh Valley had stacked the milk gallon crates on pallets six crates high without being properly secured with bands, cardboard, and/or shrink-wrap.

14.    Upon information and belief, each pallet contained approximately 380 plastic container gallons of milk.

15.    The Occupational Safety & Health Administration ("OSHA") requires material "stored in tiers shall be stacked, blocked, interlocked and limited in height so that they are stable and secure against sliding or collapse." 29 CFR 1910.176(b).

16.    Upon information and belief, Lehigh Valley had been directed to limit the stacks of milk crates to a maximum of four crates high and to secure the crates with cardboard, bands and/or shrink-wrap.

17.    Mrs. Meyers and the Lehigh Valley delivery truck driver placed the pallets containing the milk crates on jacks and transported the pallets from the loading dock to the refrigerated section of the Store.

18.    While Mrs. Meyers was moving one of the aforesaid pallets, the pallet slid and/or collapsed causing multiple crates and gallons of milk to fall directly onto Mrs. Meyers causing her significant and severe personal injuries.

19.    While trapped under the crates of milk, Mrs. Meyers called out to her assistant manager for help, who responded to the scene and telephoned the police department.

20.    The Warminster Police Department arrived on the scene, and Mrs. Meyers was transported by ambulance to Abington Hospital where she underwent X-rays of her right leg and a CAT scan.

21.    As a result of the accident, Mrs. Meyers suffered a fractured right leg, tibia-plateau fracture, a fibula fracture and various other contusions and soft tissue injuries as well as damages to her nerves and nervous system, causing her severe pain and suffering.

22.    As a result of the accident, on or about August 25, 2015, Mrs. Meyers underwent surgery on her right leg at Holy Redeemer Hospital, where screws and plates were inserted into her right leg.

23.    Following the surgery, Mrs. Meyers slept on the back porch of her home for four weeks because she could not climb the stairs in her home.

24.    Plaintiffs installed a chair lift in their home which Mrs. Meyers continues to use.

3

Case ID: 160204594

25.     On or about October 21, 2015, Mrs. Meyers began physical therapy in an attempt to rehabilitate and strengthen her leg.

26.     As a result of the accident, Mrs. Meyers is scheduled to undergo a complete right knee replacement on April 5, 2016.

27.     Mrs. Meyers has not been able to return to work nor stand for longer than fifteen minutes since August 19, 2015.

**COUNT I – NEGLIGENCE**
**Donna Meyers v. Defendants**

28.     All of the foregoing paragraphs are incorporated herein by reference as if fully set forth at length.

29.     On August 19, 2015 and at all times pertinent hereto, Lehigh Valley was in control of and/or had dominion over the dairy product shipment which was delivered to the Store and which was involved in the accident.

30.     Lehigh Valley owed a duty to exercise reasonable care regarding packing, storing, transporting, shipping, and/or delivering the dairy products to the Store – a duty which extended to employees of the Store, like Mrs. Myers.

31.     Lehigh Valley was negligent in:

(a)     failing to properly pack, stack, secure, transport and deliver the dairy product shipment that was delivered to the Store;

(b)     failing to properly and adequately hire and/or instruct their agents, servants, workmen, employees, and/or representatives as to safe and proper procedures for packing, stacking, securing storing, transporting, shipping, and/or delivering dairy products to the Store;

(c)     failing to warn end-users and recipients of the dangers involved in handling and transporting the dairy product shipment that was delivered to the Store; and

(d)     failing to act with due care and regard for the safety of others, in particular Mrs. Meyers.

4

Case ID: 160204594

32.    As a direct, foreseeable, and proximate result of the breaches of care and negligence of Lehigh Valley as aforesaid, Mrs. Meyers suffered the injuries referenced above, all of which injuries are or may be permanent.

33.    As a result of the accident, Mrs. Meyers has incurred medical expenses for her care and treatment in an effort to alleviate and cure her injuries, and will continue to incur additional expenses in the future.

34.    As a further result of the accident, Mrs. Meyers has suffered and may continue to suffer physical and mental anguish, pain, suffering and inconvenience.

35.    As a further result of the accident, Mrs. Meyers has been unable to attend to her daily chores, duties, and occupations, and may be unable to do so for an indefinite time in the future.

36.    As a further result of the accident, Mrs. Meyers has or may suffer loss of earnings and impairment of her earning capacity and power, and may continue to suffer such a loss in the future.

37.    As a further result of the accident, Mrs. Meyers has been deprived of the ordinary pleasures of life.

**WHEREFORE**, Donna Meyers demands damages in an amount in excess of $50,000 against Defendants, jointly and severally, plus interest, delay damages, costs of suit, and other relief the Court may deem appropriate.

## COUNT II – LOSS OF CONSORTIUM
### Charles Meyers v. Defendants

38.    All the averments set forth above are incorporated herein by reference as if fully set forth at length.

39.    As a result of the negligence of the Defendants as aforesaid, Mr. Meyers has been deprived of his wife's services, society and companionship.

Case ID: 160204594

**WHEREFORE**, Charles Meyers demands damages from Defendants in an amount in excess of $50,000, plus interest, delay damages, costs of suit, and other relief the Court may deem appropriate.

CLEMM AND ASSOCIATES, LLC

Dated: March 2, 2016

By:    */s/ Mark C. Clemm*
       Mark C. Clemm, Esquire
       Katie M. Clemm, Esquire
       Attorneys for Plaintiffs

6

# Petition for Removal
# Exhibit "C"
# Stipulation to Amend

Filed and Attested by the
Office of Judicial Records
04 APR 2016 04:50 pm
J. OSTROWSKI

CLEMM AND ASSOCIATES, LLC
Mark C. Clemm, Esq., ID #36665
Katie M. Clemm, Esq., ID #320733
527 Plymouth Road, Suite 414
Plymouth Meeting, PA  19462
(484) 539-1300

Attorneys for Plaintiffs

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

DONNA MEYERS et al.                        :
                                           :
               v.                          :     FEBRUARY 2016 TERM
                                           :     No:  004594
DEAN FOODS COMPANY individually and/or     :
d/b/a LEHIGH VALLEY DAIRY et al.           :
                                           :

## **STIPULATION**

It is hereby stipulated by and among plaintiffs Donna and Charles Meyers and defendants Dean Foods Company and Dean Foods Holding Company, by and through their respective counsel, that the caption in the above-captioned civil action shall be amended to dismiss Dean Foods Company and Dean Foods Holding Company as defendants without prejudice, and to include Dean Transportation, Inc., Tuscan/Lehigh Dairies, Inc., and Richard Dennin as original defendants in the civil action. It is also stipulated that Plaintiff shall be permitted to file an amended complaint accordingly asserting claims against Dean Transportation, Inc., Tuscan/Lehigh Dairies, Inc., and Richard Dennin.

CLEMM AND ASSOCIATES, LLC                  POST & SCHELL, P.C.

By: _____             By: _____
    Mark C. Clemm, Esquire                     Richard B. Wickersham, Jr., Esquire
    Attorneys for Plaintiffs                    Attorneys for Defendants

Case ID: 160204594

7.    I am also familiar with and have personal knowledge of Repwest's standard office procedures followed in the ordinary course of business.

8.    In October 2010, pursuant to the Articles of Amendment of Articles of Incorporation of Republic Western Insurance Company, Republic Western Insurance Company changed its name to Repwest Insurance Company.  A true and correct copy of the Articles of Amendment of Articles of Incorporation of Republic Western Insurance Company, dated October 13, 2010, is attached hereto as **Exhibit 1.**

9.    Republic Western Insurance Company and Repwest Insurance Company are, and always have been, the same company.

ARLENE DADDAZIO

Sworn to before me this
9th day of September, 2016

Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Amanda Prouty, Notary Public
Ivyland Boro, Bucks County
My Commission Expires Aug. 5, 2020
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

2

1947377.1\0340245

# Petition for Removal
# Exhibit "D"
# Stipulation of Discontinuance
# of Richard Dennin

DONNA MEYERS
and CHARLES MEYERS,

               Plaintiffs,

          v.

DEAN TRANSPORTATION, INC.,
TUSCAN/LEHIGH DAIRIES, INC.,
and RICHARD DENNIN,

               Defendants.

*Filed and Attested by the Office of Judicial Records 08 SEP 2016 12:16 pm MASBILLI*

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

NO: 1602-04594

## STIPULATED DISCONTINUANCE OF DEFENDANT, RICHARD DENNIN

Plaintiffs, Donna Meyers and Charles Meyers, by and through their counsel, Clemm & Associates, LLC, hereby discontinue all claims presented by this civil action against defendant Richard Dennin ("Dennin") only, pursuant to Pa.R.Civ.P. 229.

Discontinuance is based upon the agreement by and among Plaintiffs, counsel for Plaintiffs, defense counsel and Dennin, that Dennin will continue to respond to all discovery directed to him and that he will be available for deposition and/or trial testimony upon request of Plaintiffs (even should his employment status with Dean Transportation, Inc. change), without the need of a formal subpoena.

Dean Transportation, Inc. shall be vicariously liable for any damages incurred by Plaintiffs which may be determined by a jury to be attributable to Dennin individually. Defendants represent that one or more Defendants who shall remain as a party in the civil action has general liability insurance with applicable limits of at least $1,000,000.00 for this

Case ID: 160204594

occurrence, which would cover the damages alleged in the civil action in the event of an adverse verdict and/or has liquid assets of at least $1,000,000 which would otherwise allow them to pay an adverse verdict in this civil action and will continue to hold such liquid assets in excess of $1,000,000.00 for that purpose. If this representation is untrue, Plaintiffs may reassert claims against Dennin in this civil action within a reasonable time after discovering that the aforesaid representation is untrue and Dennin may not and will not assert the statute of limitations as a defense under such circumstances.

Plaintiffs and Defendants stipulate to the discontinuance of Dennin on the conditions set forth above.

Costs to be borne by each party.


SO STIPULATED:


August _18_, 2016                              ~~August~~ Sept. _8_, 2016

_____          _____
Mark C. Clemm, Esquire                 Richard B. Wickersham, Jr., Esquire
Katie Clemm, Esquire                   POST & SCHELL, P.C.
CLEMM & ASSOCIATES, LLC                Four Penn Center
527 Plymouth Road                      13th Floor
Suite 414                              1600 John F. Kennedy Blvd.
Plymouth Meeting, PA 19462             Philadelphia, PA 19103
(484) 539-1300                         (215) 587-6612

Attorneys for Plaintiffs, Meyers       Counsel for Defendants,
                                       DTI, TLDI & Dennin


2

# Petition for Removal
# Exhibit "E"
# Case Management
# Memorandum

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

DONNA MEYERS et al.                    : FEBRUARY 2016 TERM

v.                                     : No. 004594

DEAN TRANSPORTATION, INC. et al.       :
                                       :
                                       :
                                       :

## CASE MANAGEMENT CONFERENCE MEMORANDUM

Filing party: _Plaintiffs_____    By: _Mark C. Clemm_____, Esq.

Counsel's address and telephone number (**IMPORTANT**) _Clemm and Associates, LLC_

    527 Plymouth Road, Suite 414

    Plymouth Meeting, PA  19462

    (484) 539-1300

## Part A
### *(to be completed in personal injury cases)*

1.  Date of accident or occurrence: _August 19, 2015_____

    1(a).  Age of Plaintiff(s): _57_____

2.  Most serious injuries sustained: _Tibia plateau fracture (right knee), fibula plateau fracture (right knee), other soft tissue damage and bruising, nerve damage._

3.  Is there any permanent injury claimed?                    ☑ Yes    ☐ No

    If yes, indicate the type of permanent injury: _Permanent knee damage._

4.  Dates of medical treatment: _August 19, 2015-present_____

5.  Is medical treatment continuing?                          ☑ Yes    ☐ No

6.  Has there been an inpatient hospitalization?              ☑ Yes    ☐ No

***This form shall be presented to the Case Manager and copies served upon all parties at the Case Management Conference by counsel prepared to discuss its contents.***

01-105 (Rev. 10/99) (1)

7. Has there been any surgery?                                    ☑ Yes    ☐ No

If yes, indicate the type of surgery: Knee surgery (plates and screws inserted), knee replacement surgery.

8. Approximate medical bills to date: $ $80,000

Approximate medical bills recoverable in this case: $ $80,000

9. Are there any existing liens (Workers Compensation, DPW, Medical, etc.)?    ☑ Yes    ☐ No

If yes, what type and approximate amount?  Workers Compensation. $55,725.09

10. Time lost from work: August 19, 2015-present, 42 weeks, 40 hours per week (1680 hours).

11. Approximate past lost wages: $25,000-$30,000

12. Is there a claim for future lost earning capacity?    ☑ Yes    ☐ No

If yes, approximate future lost earning capacity: _____ $240,000

13. Are there any related cases or claims pending?    ☐ Yes    ☑ No

If so, list caption(s) or other appropriate identifier: N/A

14. Do you anticipate joining additional parties?    ☐ Yes    ☑ No

15. Plaintiff's factual position as to liability: Defendants failed to properly stack, secure, transport, and/or deliver the Lehigh Valley dairy products - specifically those on the pallet which Donna Meyers was transporting to the back of the Store. As a result of the Defendants' failure to properly stack, secure, transport, and/or deliver the Lehigh Valley dairy products to the Store, the crates of dairy products fell from the pallet onto Donna Meyers, causing her severe personal inju

16. Defense factual position as to liability: _____

17. Defense position as to causation of injuries alleged: _____

18. Identify all applicable insurance coverage:

| *Defendant* | *Insurance Carrier* | *Coverage Limits* |
|---|---|---|
| | | |
| | | |
| | | |

Are there issues as to the applicability
of the above insurance coverage:                    ☐ Yes    ☐ No

19. Demand: $ 1,000,000                    Offer: $_____

01-105 (Rev. 10/99) (2)

# Petition for Removal
# Exhibit "F"
# Removal Consent

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DONNA MEYERS
and CHARLES MEYERS,

            Plaintiffs,

    v.

DEAN TRANSPORTATION, INC. and
TUSCAN/LEHIGH DAIRIES, INC.,

            Defendants.

CIVIL ACTION

JURY TRIAL DEMANDED

## CONSENT TO REMOVAL

Defendant, Tuscan/Lehigh Dairies, Inc. ("TLDI"), a Delaware corporation with a principal place of business located at 2711 N. Haskell Ave., Ste. 3400, Dallas, Texas 75204 that does business under the fictitious name Lehigh Valley Dairy, consents to removal of this civil action from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

Dated: September 14, 2016

POST & SCHELL, P.C.

By: _____
RICHARD B. WICKERSHAM, JR. (RW-9884)
ATTY ID No.: 49466
Four Penn Center, 13th Floor
1600 John F. Kennedy Boulevard
Philadelphia, PA 19103-2808
(215) 587-6612
rwickersham@postschell.com

Attorneys for Defendant,
Tuscan/Lehigh Dairies, Inc.

## CERTIFICATE OF SERVICE

I do hereby certify that service of a true and correct copy of the foregoing document was hand-delivered for filing to the Clerk of Court and will appear on the ECF System (which is available for public viewing and printing) and has been served this day upon the following by e-mail:

Mark C. Clemm, Esquire
Katie Clemm, Esquire
Clemm and Associates, LLC
527 Plymouth Road
Suite 414
Plymouth Meeting, PA 19462
**Attorneys for Plaintiffs**


Dated: September 14, 2016          POST & SCHELL, P.C.



                                   By: _____
                                       RICHARD B. WICKERSHAM, JR.